UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLLINGSWORTH, III,

    Plaintiff,

v.

SCOTT BESSENT, et al.,

    Defendants.
_____/

Case No. 1:25-cv-234

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Berens's Report and Recommendation, (ECF No. 7), and Plaintiff's Objection to the Report and Recommendation, (ECF No. 8). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge.

After its review, the Court finds that Judge Berens's Report and Recommendation is factually correct and legally sound.

## DISCUSSION

Plaintiff filed suit against the United States Secretary of the Treasury, the Director of the Office of Administration, the Executive Office of the President ("EOP"), and the United States Department of Treasury ("TREAS") on February 28, 2025, asserting that the defendants improperly cut certain federal funding resulting in a reduction in Plaintiff's monthly utility assistance check. (ECF No. 1, PageID.2). Not only did this place Plaintiff at risk of having his utilities shut off in the dead of winter, but Plaintiff says that the funding cuts are part of a broader pattern of discriminatory actions taken by the current administration. (*Id.*) In his complaint, Plaintiff asserted that Defendants' actions violated the Appropriations Clause, the Due Process Clause, the Equal Protection Clause, and federal privacy laws. (*Id.*, PageID.3). Plaintiff argued that sovereign immunity does not apply to his claims because Defendants' actions were taken "outside their lawful authority" and because Plaintiff seeks declaratory and injunctive relief. (*Id.*)

On March 5, 2025, Magistrate Judge Sally Berens issued a Report and Recommendation screening Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2). (ECF No. 7). Judge Berens recommends dismissal on three grounds: (1) Plaintiff lacks standing to assert his claims, (2) the EOP and TREAS are entitled to sovereign immunity, and (3) even if Plaintiff has standing to assert his due process claim, his complaint fails to state such a claim. Specifically, Judge Berens reasons that the majority of Plaintiff's complaints are "held in common by all members of the public," that the reduction of his utility assistance benefits is not fairly traceable to Defendants' actions, that Congress has not expressly conferred authority to sue the EOP or TREAS, and that Plaintiff's complaint allegations do not establish a property interest in his utility assistance benefits

for the purposes of his due process claim. (*Id.*, PageID.17-24). Plaintiff now objects to Judge Berens's recommendation, though his objections read more like a motion to amend his complaint. (ECF No. 8).

Plaintiff offers to provide the Court with the following documentation: (1) official notices of approval for utility assistance benefits, (2) eligibility requirements for utility assistance benefits, and (3) correspondence between Plaintiff and program administrators. (ECF No. 8, PageID.27). In addition, he offers to provide the Court with a detailed explanation of the injunctive and declaratory relief that he seeks, so as to establish that sovereign immunity is waived under 5 U.S.C. § 702. (*Id.*, PageID.28). The Court appreciates Plaintiff's willingness to supplement the record. And the Court is sympathetic to the circumstances underlying Plaintiff's complaint—Michigan winters can be brutal, and the prospect of suddenly losing heat is a frightening one. Be that as it may, Plaintiff's proposed amendments to his complaint would be futile.

As an initial matter, the Court notes that eligibility for public benefits and entitlement to public benefits are two distinct concepts. The Court accepts that Plaintiff receives, and is therefore eligible, for utility assistance benefits. *See Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010) (explaining that when a court screens a complaint in accordance with § 1915(e)(2)(B)(ii), it accepts the factual allegations therein as true (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). But whether Plaintiff has a property interest that falls within the scope of the Due Process Clause is a question of entitlement—"a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (citing *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462–463 (1989)). As indicated by the Magistrate Judge, "Plaintiff . . . does not point to a statute, regulation, or other source creating a legitimate

claim of entitlement, as opposed to a mere expectancy, required to support a due process claim." (ECF No. 7, PageID.24).

Furthermore, Plaintiff's offer to supplement his requests for injunctive and declaratory relief does nothing to change the nature of Plaintiff's remaining claims, which represent "a generalized grievance that Plaintiff shares with other members of the public."  (*Id.*, PageID.19 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575 (1992)).  Plaintiff's complaint reflects his regard for the principles underlying the separation of powers.  This Court shares in this regard, and emphasizes that "[t]he law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).  Absent a showing of a particularized personal interest, members of the public should look to the normal democratic process to resolve their grievances.

Because Magistrate Judge Berens's Report and Recommendation is factually correct and legally sound:

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 7) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.  A separate Judgment will enter.


Dated:  March 27, 2025              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE